UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SANDRA MCCOY, | CASE NO. 1:07CV1963 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | Magistrate Judge George J. Limbert |
| MICHAEL J. ASTRUE<br>Commissioner of social security, | **Report and Recommendation**<br>**of Magistrate Judge** |
| Defendant. | |

Sandra McCoy ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her application for Supplemental Security Income ("SSI"). ECF Dkt. #1. Plaintiff asserts that the Administrate Law Judge ("ALJ") erred in: (1) failing to understand the true nature of fibromyalgia and the fact that it can form the basis of a disability claim, even in the absence of objective findings; (2) failing to properly evaluate the combined effects of Plaintiff's fibromyalgia, depression, personality disorder, and related symptoms on her ability to work; (3) substituting his own opinion for that of medical experts; and (4) failing to properly evaluate the available medical opinions . ECF Dkt. #18. For the following reasons, the undersigned RECOMMENDS that Court AFFIRM the ALJ's decision:

## I. PROCEDURAL AND FACTUAL HISTORY

On November 19, 2005, Plaintiff filed an application for SSI based upon disabling fibromyalgia and depression. Tr. at 385-397. Her claim was denied initially and on reconsideration. *Id*. at 364-74. On October 5, 2006, an ALJ held an administrative hearing where he received testimony from: Plaintiff; Deborah Lee, a vocational expert; and Dr. Carolee Lesyk, a psychological expert. *Id*. at 709-749.

On November 6, 2006, the ALJ issued a Notice of Decision Unfavorable. Tr. at 333-343. On May 10, 2007, the Appeals Council denied Plaintiff's request for review. *Id*. at 328-330.

## II.     SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ determined that Plaintiff's residual functional capacity ("RFC") included the ability to perform the exertional and nonexertional requirements of basic work-related activities except for: lifting, carrying, pushing and pulling more than 10 pounds frequently or 20 pounds occasionally; standing and/or walking for more than a total of 6 hours in an 8-hour workday; sitting for more than a total of 6 hours in an 8-hour workday; work involving more than simple repetitive tasks (no assembly line work, no piece work, no production quotas); or work involving arbitration, negotiation, or confrontation (nonexertional). Tr. at 338-39. The ALJ reasoned that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. *Id*. at 339. The ALJ noted that on December 16, 2003, a physician evaluating Plaintiff's physical work capacity rated Plaintiff's self perception of disability as high. Brenda Robbins, P.T. noted that Plaintiff was able to complete the evaluations, she was pleasant and cooperative, and had good sit-stand transfers. *Id*. Robbins also noted, however, that Plaintiff had poor tolerance for sustained stance, poor control over pain, a high perception of disability, poor trunk motion, poor extremity strength, and poor endurance for walking, climbing stairs, and lifting. *Id*. at 340. Robbins further noted that Plaintiff was self limiting due to pain and a fear of increasing injury and fatigue. *Id*.

The ALJ then turned to Plaintiff's noncompliance with medical treatment regimens. Tr. at 340. On February 11, 2004, Plaintiff saw Paul Gubanich, M.D., who noted that Plaintiff had missed several appointments with multiple doctors over the past few months. *Id*. He also noted that Plaintiff had multiple complaints, but had not been taking any medication for the pain. *Id*. He noted that she does not try to exercise because she claims it hurts too much. *Id*. The ALJ found further inconsistency with Plaintiff's description of pain compared to findings on physical examination. *Id*. On August 24, 2004, Plaintiff saw Tara Gustilo-Ashby, M.D. with complaints of abdominal pain, but Dr. Ashby observed Plaintiff's abdomen as soft and non-tender. *Id*.

Finally, the ALJ noted that Plaintiff was receiving only two medications, an antidepressant and an antihistamine. Tr. at 342. He concluded that a person experiencing the level of pain that Plaintiff reported would be expected to receive more aggressive medical treatment. *Id*. There was no documentation that Plaintiff was unable to walk or move due to her pain, and her pain was not severe enough to require intravenous analgesia or inpatient admission. *Id*.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any

fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**V.     ANALYSIS**

    **A.     The ALJ's findings regarding fibromyalgia**

Plaintiff first contends that the ALJ erred in failing to understand the true nature of fibromyalgia and the fact that it can form the basis of a disability claim, even in the absence of objective findings. ECF Dkt. #18 at 15. Plaintiff argues that the ALJ acknowledged her fibromyalgia, but he failed to properly consider the impact of the impairment on her ability to work. *Id*. Plaintiff reasons that she has experienced consistent symptoms, including: unrelenting pain all over her body; poor sleep; headaches; and multiple tender points. *Id*. at 17. Plaintiff contends that these symptoms are consistent with the diagnostic factors for fibromyalgia. *Id*. at 15-17. Plaintiff concludes that the ALJ's focus on a lack of objective medical evidence taints his entire analysis of the case and warrants reversal. *Id*. at 17-18.

Defendant contends that Plaintiff's argument lacks merit because there is no dispute as to whether Plaintiff meets the diagnostic criteria for fibromyalgia; the dispute is over the severity of the impairments caused by her fibromyalgia. ECF Dkt. #20 at 12. Defendant contends that the ALJ did not focus on objective medical evidence in assessing Plaintiff's complaints of disabling pain. *Id.* Instead, the ALJ relied upon other relevant factors in making his determination. *Id.*

The undersigned finds Plaintiff's arguments to be noncompelling because the ALJ accepted Plaintiff's diagnosis of fibromyalgia when he found the condition to be a severe impairment. *See* Tr. at 338. Therefore, the sole remaining issue is whether the ALJ properly assessed Plaintiff's claims of disabling pain.

The social security regulations establish a two-step process for evaluating pain. In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

When a disability determination cannot be made on the basis of the objective medical evidence, an ALJ must analyze the plaintiff's credibility, considering her statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929 and Social Security Ruling 96-7p. Subjective complaints of pain can support a disability claim if objective medical evidence of an underlying condition exists in the record. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992). Other relevant factors that the ALJ must consider include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain. 20 C.F.R. 416.929(c)(3)(i)-(vi); SSR 96-7p. However, an ALJ is not required to accept a plaintiff's own testimony regarding her pain. *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987). Since the ALJ has the opportunity to observe the claimant in person, great deference is given to the ALJ's conclusion about the claimant's credibility. *McCoy o/b/o McCoy v. Comm'r of Soc. Sec.,* 81 F.3d 44, 47 (6th Cir. 1995). Nevertheless, substantial evidence must support an ALJ's assessment of a claimant's credibility. *Id.* If the ALJ rejects or discounts the claimant's complaints as not credible, he must clearly state his reasons for doing so. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).

It is well established that objective medical evidence cannot detect fibromyalgia or determine complaints of pain resulting from fibromyalgia as the disease cannot be diagnosed by standard objective medical tests and can only be diagnosed by eliminating other medical conditions that may manifest similar symptoms. *Preston v. Secretary of Health and Human Servs*., 854 F.2d 815, 819 (6th Cir. 1988). The undersigned recognizes that a diagnosis of fibromyalgia does not automatically equate to disabling pain, and usually it is not disabling. *Estok v. Apfel,* 152 F.3d 636, 640 (7th Cir. 1998), citing *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir. 1996). Notwithstanding, "[f]ibromyalgia is an 'elusive' and 'mysterious' disease. It has no known cause and no known cure." *Swain v. Comm'r of Soc. Sec.,* 297 F.Supp.2d 986, 989 (N.D.Ohio,2003), quoting *Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir.1996). The principal symptoms of fibromyalgia include severe musculoskeletal pain, stiffness, fatigue, and tender spots at fixed locations on the body. *Swain*, 297 F.Supp.2d at 989, citing *Preston,* 854 F.2d at 817 and *Sarchet,* 78 F.3d at 306. Diagnostic tests and physical examinations usually yield normal results, no swelling or other obvious indicator, and normal muscle strength and neurological signs. *Id.* The main symptom that distinguishes fibromyalgia from other rheumatic diseases is the presence of a number of specifically located tender spots on the body. *Id*. More precisely, a person is diagnosed with fibromyalgia when they have multiple tender spots on at least 11 out of 18 specifically identified locations on the body. *Sarchet*, 78 F.3d at 306.

A pain analysis based upon fibromyalgia usually fails both of the tests under the second prong of the *Duncan* pain analysis. Medical evidence rarely exists to confirm the severity of the pain from the disease and objective medical evidence and testing are lacking to confirm the disease and related pain, which leads to a physician's opinion as to limitations based upon pain that is based upon the patient's subjective complaints. *Swain,* 297 F.Supp.2d at 990, citing *Sarchet,* 78 F.3d at 306. Therefore, the ALJ's assessment of the claimant's credibility becomes vital. *Swain,* 297 F.Supp.2d at 990.

> This places a premium, therefore, in such cases on the assessment of the claimant's credibility. Although the treating physician's assessment can provide substantial input into this credibility determination, ultimately, the ALJ must decide, given the factors set out in the regulations, if the claimant's pain is so severe as to impose limitations rendering her disabled. For purposes of judicial review, the ALJ's articulation of the reasons supporting his credibility findings becomes very important.

-6-

*Id.*

In fact, this Court previously affirmed an ALJ's decision denying benefits based upon a finding that this particular Plaintiff's (Ms. McCoy's) claims of disabling pain were not credible. *McCoy v. Barnhart*, Case No. 1:03CV2444 (N.D.Ohio Mar. 4, 2005). In the earlier case, this Court held that an ALJ applied the incorrect standard for assessing disability resulting from fibromyalgia, but nonetheless, the ALJ's error was harmless and did not warrant remand because his determination of credibility was supported by substantial evidence. *Id.* at 6-7. The Court reasoned that the ALJ had properly considered Plaintiff's failure to seek medical treatment, the fact that treating physicians did not place Plaintiff on physical restrictions, and her daily activities that were inconsistent with her complaints. *Id.* at 7-9.

The ALJ in this case properly analyzed Plaintiff's claims of disabling pain because the ALJ looked to objective evidence that was inconsistent with Plaintiff's complaints. The ALJ noted that Plaintiff failed to seek medical treatment to a degree one would expect from a person claiming debilitating pain. Tr. at 342. He noted that Plaintiff never required inpatient care or intravenous analgesics. *Id.* She was taking only an antidepressant and an antihistamine. *Id.* She sought treatment for abdominal pain, but her abdomen was not tender on examination. *Id.* at 342, 537. Doctors did not impose physical restrictions; in fact, they suggested exercise to treat the fibromyalgia. *Id.* at 340, 546, 547. Lastly, Plaintiff has not been compliant with medical treatment. She has missed multiple doctors' appointments, she has not been exercising, and she has not been taking pain medications. *Id.*

The ALJ's decision to discount Plaintiff's claims of disabling pain in this case was supported by substantial evidence, as it was in the last case. Therefore, the undersigned recommends that the Court affirm the ALJ's decision with respect to fibromyalgia.

### B. The ALJ's analysis of the combined effects of Plaintiff's impairments

Plaintiff next contends that the ALJ failed to consider the combination of her impairments on her RFC. ECF Dkt. #18 at 18. More specifically, Plaintiff claims that "there is no evidence that

-7-

he considered the combined effects of her impairments upon each other to determine whether the synergistic effect of the depression on the fibromyalgia on [sic] the pain resulted in the intensity and persistence of which she complained." *Id*.

Defendant contends that the ALJ did consider the combined effects of Plaintiff's impairments. ECF Dkt. 20 at 14-16. Defendant points to the ALJ's statements that he considered "the entire record," "all symptoms," and "impairment or combination of impairments" in determining Plaintiff's RFC. *Id.* at 14. Further, Defendant notes that the ALJ found Plaintiff's claims regarding the degree of her pain not to be fully credible, rendering her argument regarding the combined effects of her disorders on the pain to be moot. *Id*. at 15.

The undersigned agrees with Defendant's analysis because the ALJ's RFC accounts for both mental and physical limitations, the ALJ thoroughly discussed all of Plaintiff's impairments, and the ALJ was within his discretion in discounting Plaintiff's complaints of debilitating pain. In *Gooch*, a magistrate judge recommended that the district court affirm an ALJ's decision where the ALJ referred to "impairments." 833 F.2d at 591. The magistrate judge noted that the ALJ should have made a more definite statement that he had considered the combination of the claimant's impairments, but "that the bottom line of the ALJ's decision was that Mr. Gooch's 'impairments' (plural) did not prevent him from performing his past relevant work." *Id*. The magistrate recommended to the district court that the above statement be accepted "as an indication that the ALJ did consider the combination of plaintiff's non-severe impairments, and considered them in conjunction with his severe impairment." *Id*. The district court adopted the report and recommendation, and the Sixth Circuit affirmed, reasoning that the ALJ had referred to "a thorough review of the medical evidence of record," "a combination of impairments," "listings," and "impairments ." *Id*. Further, the court was persuaded by the fact that the ALJ had considered all of the medical records in detail. *Id*.

The undersigned finds *Gooch* as authoritative for the case at bar. Here, the ALJ also considered all of the medical records, Plaintiff's allegations, and non-medical evidence. He concluded that Plaintiff suffered from both physical and mental restrictions based upon his review

of "the entire record," "all symptoms," and "impairment or combination of impairments." Furthermore, the ALJ accounted for limitations from both impairments in the RFC. The undersigned believes that the ALJ's RFC accounting for both physical limitations (*i.e.*, restrictions on lifting, standing, and walking) and mental limitations (*i.e.*, limitations to simple repetitive tasks and no work involving confrontation) demonstrates that the ALJ did consider all of Plaintiff's impairments and did not simply pay "mere lip service" to the requirement, as Plaintiff claims.

Plaintiff also contends that the ALJ failed to evaluate the effects of her headaches and fatigue on her ability to perform work activities. ECF Dkt. #18 at 19. While the ALJ could have done a better job of distinctly analyzing Plaintiff's complaints of headaches, any deficiency was not prejudicial because the ALJ's analysis of Plaintiff's complaints of pain would remain the same, regardless of the source of pain. Again, the ALJ's observations that Plaintiff was only taking Wellbutrin and Benadryl, missed several doctor's appointments, and never required more serious care provide sufficient justification for the ALJ's choice to discount Plaintiff's claims of severity.

Lastly, Plaintiff contends that the ALJ failed to evaluate her fatigue. ECF Dkt. #18 at 19. The ALJ did address fatigue. He noted that Plaintiff saw a physical therapist for an evaluation of her physical abilities, and she believed that Plaintiff was self limiting due in part to concerns with fatigue but also opined that Plaintiff could be employable if she were motivated and participated in vocational consultation. Tr. at 551-52. Therefore, Plaintiff's claim of fatigues does not necessitate a finding of disability, and the ALJ acted within his discretion in finding that her fatigue was not disabling.

For these reasons, the undersigned recommends that the Court affirm the ALJ's opinion as it relates to the combination of Plaintiff's impairments.

### C.     The ALJ's lay opinion

Plaintiff contends that the ALJ erred in substituting his lay opinion for that of medical experts. ECF Dkt. #18 at 20–22. Plaintiff reasons that the ALJ "was ignorant of the nature of fibromyalgia and insisted upon objective evidence when by definition the disease did not have any

-9-

except the tender points which the ALJ ignored." *Id.* at 21.  Plaintiff claims that the ALJ came up with his own reasons for rejecting her description of the pain.  *Id.*

Defendant contends that this argument is simply a rehashing of Plaintiff's first argument, and the undersigned agrees.  ECF Dkt. #20 at 16.  Again, it is the ALJ's province to determine Plaintiff's credibility, and in so doing, he is entitled to look to objective evidence that is inconsistent with Plaintiff's complaints, as discussed above in Section V(A).

Plaintiff fails to recognize that the ALJ accepted the diagnosis of fibromyalgia, but only discounted her description of the pain, as he is entitled to do.  Plaintiff contends that the ALJ could not discredit her claims of severity unless there was some evidence in the record to support the conclusion that in order to have disabling pain one must have intravenous medication or hospitalization.  ECF Dkt. #18. at 22.  Apparently, Plaintiff believes a medical expert was required. Here, however, a medical expert was not required because Plaintiff's complaints were contradicted by objective evidence of record.  Further, the ALJ did not wholly rely on the fact that Plaintiff did not receive intravenous analgesics or inpatient admission.  The ALJ noted that Plaintiff was taking no pain medication, she was not attending doctor's appointments, and she was not exercising.  When read in context, the ALJ's statement regarding intravenous treatment and inpatient care is only one factor contributing to his decision, and does not indicate that the ALJ thought such treatment was required for pain to be considered disabling.

Plaintiff also contends that the ALJ improperly discounted the findings of consultative examiner Richard Halas, a clinical psychologist.  ECF Dkt. #18 at 21.  The ALJ noted that Mr. Halas measured Plaintiff's working memory as extremely low, but did not account for her self limitations that the physical therapist noted during her evaluation at the Cleveland Clinic.  Tr. at 341.  It is with this finding that Plaintiff takes issue.  ECF Dkt. #18 at 21.  Mr. Halas, however, opined that Plaintiff possessed the ability to maintain attention and to perform simple repetitive tasks.  Tr. at 341, 514. Therefore, the crux of Mr. Halas's opinion is his finding regarding the ability to function in the workplace, not the score he assigned to Plaintiff's memory.  Since the ALJ accepted Mr. Halas's opinion regarding Plaintiff's abilities to function in the workplace and explicitly accounted for that

limitation in his RFC, the undersigned fails to see any prejudice that pervaded the ALJ's determination. Accordingly, Plaintiff's argument lacks merit.

For these reasons, the undersigned recommends that the Court affirm the ALJ's decision insofar as it relates to his opinions of disability.

### D. The ALJ's consideration of treating physicians' opinions

Lastly, Plaintiff contends that the ALJ failed to evaluate the opinions of treating physicians, Dr. Sridharan and Nurse Alaimo. ECF Dkt. #18 at 22.

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); Wilson, 378 F.3d at 544. A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Accordingly, if that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985). When an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors in determining the weight to give to that opinion: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore " 'be bewildered when told by an administrative bureaucracy that [he] is not, unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

Defendant notes that Dr. Sridharan examined Plaintiff in December 2002, during Plaintiff's previous claim for disability. ECF Dkt. #20 at 18. Further, the ALJ who decided the earlier case considered Dr. Sridharan's opinion and discredited it due to the fact that he examined Plaintiff only once, made no objective findings, and never offered an opinion regarding her functional limitations. *Id*. Defendant is correct, however, that "even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also McLeroy v. Barnhart*, Case No. No. 05-1353-WEB, 2006 WL 4046154 at *6 (D.Kan. Oct. 31, 2006) ("Even though their opinions [ ] predate the earliest date [ ] on which disability can be considered due to a prior adjudication, their opinions are nevertheless relevant to the claimant's medical history and should be considered by the ALJ.")

Regardless, the ALJ's failure in this case to mention Dr. Sridharan's opinion does not constitute reversible error because Dr. Sridharan's opinion was already considered and discounted during Plaintiff's previous claim. Furthermore, Dr. Sridharan only examined Plaintiff one time and does not qualify as a treating physician under 20 C.F.R. § 404.1513 (1997). *See Hendrix v. Commissioner of Social Sec.*, 166 F.3d 1214 (Table), 1998 WL 833781 at n.2 (6th Cir. Nov. 19,

-12-

1998) ("Moreover, we note that the record indicates that Hendrix only visited Dr. Lane one time in June of 1995; thus, the treating physician rule was inapplicable to this case."). Lastly, social security claimants are bound by the principles of res judicata. 20 C.F.R. § 404.957(c)(1); *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). Therefore, absent a showing of a change in circumstances, a subsequent ALJ is bound by the decision of a previous ALJ. *See Drummond*, 126 F.3d at 842 (applying res judicata to the Commissioner). In this case, Plaintiff has not shown that Dr. Sridharan revisited his opinion following a change in circumstances. Therefore, the ALJ in this case was bound by the factual finding that the previous ALJ afforded to Dr. Sridharan's opinion.

With regard to Nurse Alaimo, she is not an acceptable medical source entitled to controlling weight under the treating physician rule. 20 C.F.R. § 404.1513 (1997). Rather, SSR 06-03P provides that:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners ... have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file.

SSR 06-03P, 2006 WL 2329939 (S.S.A.) at *4. "[T]he ruling explains that opinions from non-medical sources who have seen the claimant in their professional capacity should be evaluated by using the applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Commissioner of Social Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Finally, the ruling states that:

> [a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions for these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P, 2006 WL 2329939 at *7.

Here, the ALJ acted within his discretion when he afforded Nurse Alaimo's opinion limited weight because her opinion was inconsistent with the claim record. It is fair to infer that the ALJ was referring to the inconsistencies arising from Plaintiff's failure to seek treatment, the lack of aggressive pain management, and the fact that Plaintiff's doctors did not place her on physical restrictions, as the undersigned discussed above in Sections V(A) and V(C). Perhaps the ALJ should have provided a more thorough explanation as to why he placed limited weight on Nurse Alaimo's opinion. His reference to inconsistent evidence, however, is sufficient to satisfy SSR 06-03P.

Irrespective of any deficiencies in the ALJ's opinion, remand is not required in this case because the language of SSR 06-03P is advisory and does not mandate the degree of articulation that Plaintiff seeks. Again, SSR 06-03P states that "the adjudicator **generally should** explain the weight given to opinions for these 'other sources,' " SSR 06-03P at *7 (emphasis added). In contrast, SSR 96-2P and C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) **require** an explanation of the weight given to a treating physician's opinion: "the notice of the determination or decision **must contain specific reasons for the weight given** to the treating source's medical opinion, supported by the evidence in the case record, and **must be sufficiently specific** to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." (emphasis added). Therefore, the ALJ satisfied the requirements of SSR 06-03P by considering and addressing Nurse Alaimo's opinion, and he was not required to provide the degree of articulation that is expected on consideration of a treating physician's opinion.

A district court for the Northern District of California drew this same distinction in a similar case. *Shaw v. Commissioner of Social Sec. Admin*, Case No. C-07-3379 EMC, 2008 WL 1734761 at *3 (N.D.Cal. Apr. 14, 2008). In *Shaw*, a claimant contended that an ALJ improperly rejected the opinion of a nurse practitioner without providing a sufficient explanation. *Id*. Relying on the same advisory language cited above, the district court rejected the claimant's argument because the ALJ had mentioned the nurse practitioner's opinion in his decision and was not required to specifically articulate his rationale for the weight afforded to the opinion. *Id*. In fact, the ALJ in *Shaw* did not even specifically articulate the amount of weight he afforded to the nurse practitioner's opinion.

Nevertheless, the district court drew reasonable inferences: "The ALJ's decision does not explicitly discuss what weight, if any, [the nurse practitioner's] opinion was given and the reasons therefor. However, the Court nonetheless is able to make a reasonable inference, based on the decision, as to what weight the opinion was given and reasons therefor and accordingly finds no error here." *Id*. In light of *Shaw*, the undersigned finds in the instant case that the ALJ's discussion of Nurse Alaimo's opinions was adequate.

Lastly, it is of note that Plaintiff mentions the opinion of Dr. Lysek. ECF Dkt. #18 at 22. Plaintiff mentions her opinion only to argue that it was the only evidence that was inconsistent with Nurse Alaimo's opinion. *Id*. Plaintiff does not appear to directly challenge the weight afforded to Dr. Lysek's opinion. Therefore, the undersigned finds it unnecessary to review the ALJ's decision in that regard.

## VI.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court AFFIRM the ALJ's decision and DISMISS the instant case.


DATE: July 17, 2008         */s/George J. Limbert*
                             GEORGE J. LIMBERT
                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).